# The State *v.* McPherson.

## *Habeas Corpus.*

(Decided Feb. 3, 1910. 51 South. 603.)

1. *Justices of the Peace; Jurisdiction; Extent of Punishment.*—While a justice of the peace has final jurisdiction of the offense of cruelty to animals, if committed within sixty days of the issuance of the warrant, he has no authority to impose a hard labor sentence of 180 days for fine and costs.

2. *Same.*—Where a justice of the peace has jurisdiction to finally try and determine the matter, such as cruelty to animals, he should proceed to determine the guilt or innocence of the defendant and impose a proper punishment, and is without jurisdiction to hold accused for trial after examination and commitment to the sheriff to that end.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Doc McPherson brings habeas corpus to procure his discharge from an order committing him to the custody of the sheriff pending the meeting of the grand jury issued by a justice of the peace on a charge of cruelty to animals. From a judgment discharging petitioner, the state appeals. Affirmed.

ALEXANDER M. GARBER, Attorney General, for the State.

No counsel marked for appellee.

SAYRE, J.—Petitioner, being on trial before a justice of the peace on a charge of cruelty to an animal, an offense of which the justice of the peace had final jurisdiction if committed within 60 days, was adjudged to be guilty and sentenced to serve at hard labor for 180 days and for costs. This sentence was clearly in excess of the power of the justice of the peace. On the same day

[Sims v. Sims, et al.]

the justice issued a mittimus to the jailor of Talladega
county, which recited the examination of petitioner, the
commission of the offense of cruelty to animals, and
probable cause for believing that petitioner was guilty,
and commanded the jailer to receive and detain him un-
til legally discharged.  Thereafter the judge of the city
court of Talladega, on the hearing of a writ of habeas
corpus, ordered that petitioner be discharged.  At the
hearing it was shown to the court without dispute that
the offense complained of had been committed less than
60 days before the trial had before the justice of the
peace.  That being the case, the justice had no power to
bind over; but it was his duty to proceed to a judgment
of conviction or acquittal, and in the event of a judg-
ment of conviction to sentence the defendant according
to law.  Both the judgment.of conviction and the mitti-
mus to hold for trial being void, the petitioner was prop-
erly discharged.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.